Theo Hanson, Plaintiff
10831 Quail Canyon Road
El Cajon, CA 92021
(619) 920-3017
theo.hanson@yahoo.com

NUNC PRO TUNC
12/11/2019



**FILED**

Dec 16 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ julieh   DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| THEO HANSON,<br>   Plaintiff,<br>vs.<br>JAKE P. NOCH; et al,<br>and Does 1 – 10;<br>   Defendants. | CASE NO. 3:19-cv-01326-BAS-WVG<br><br>PLAINTIFF'S MOTION [1] TO CERTIFY AUGUST 20, 2008 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND [2] TO STAY PENDING RESOLUTION OF § 1292(b) PROCEEDINGS<br><br>HEARING DATE: JANUARY 13, 2020<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

### NOTICE OF MOTION AND MOTION

TO THE HONORABLE DISTRICT COURT JUDGE, AND TO THE DEFENDANTS AND THEIR COUNSEL OF RECORD, MICHAEL WOLF:

PLEASE TAKE NOTICE THAT plaintiff Theo Hanson will and hereby does move the Court for an Order [1] certifying the Court's August 20, 2008 Order ("Order") for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and [2] staying proceedings in this Court pending the Ninth Circuit's resolution of this § 1292(b) appeal. This Motion is based upon this Notice of Motion and Motion; the Memorandum of Points and Authorities attached hereto; all pleadings and documents on file in this action; and such other materials or argument as the Court may properly consider prior to deciding this Motion.

DATED: 12/10/2019

_____
Theo Hanson, Plaintiff

1

CLERK US DISTRICT COURT

DEC 1 1 2019

SOUTHERN DISTRICT OF CALIFORNIA
RECEIVED

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Theo Hanson files his motion for an Order [1] certifying the magistrate judge's December 2, 2019 Order ("Order") for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and [2] staying proceedings in this Court pending the Ninth Circuit's resolution of this § 1292(b) appeal. The document entry on PACER summarizes the subject Order as follows:

> ORDER denying Plaintiff's [26] Motion to Compel Defendants' Responses to Plaintiff's Discovery Requests. Plaintiff's motion is denied for the simple reason that Plaintiff is not authorized to seek such discovery at this stage of the litigation. At a future date, Court will provide a deadline by which the Rule 26(f) conference must be completed if one is necessary at all. Signed by Magistrate Judge William V. Gallo on 12/2/2019. (PACER Doc. 34)

Unfortunately, the magistrate judge is mistaken. The parties already had a Rule 26(f) conference on September 27, 2019, and that fact was apparent from the record at the time that the magistrate judge subsequently signed his Order more than two months later claiming that no such meeting was held. (See Report of Rule 26(f) Planning Meeting filed on October 15, 2019 at PACER Doc. 20)

This question is clearly appropriate for immediate appeal under § 1292(b): It is purely a legal question involving the application of a federal statute (in this case the Federal Rules of Civil Procedure), and thus does not depend upon the development of any facts in this case. As described herein, there are substantial grounds for disagreeing with the magistrate judge's Order, but if the Ninth Circuit declines to review this matter, the district court judge will be ruling on the defendants' now pending motion to dismiss without being fully informed of the specific facts pertinent to that motion to dismiss. If that happens, any dismissal of the plaintiff's complaint will be based on a motion to compel that the district judge never saw, and that the magistrate judge apparently never read.

A stay pending this § 1292(b) appeal will conserve both the parties' and the Court's resources. A stay will avoid costly litigation including appeal, discovery and motion practice, all of which may be mooted by a contrary ruling from the Ninth Circuit. A stay will not prejudice the defendants in this case one bit.

## SUMMARY OF PERTINENT LITIGATION TO DATE

The presently operative plaintiff's complaint against the various defendants is based on both federal question and diversity jurisdiction. Defendants' counsel filed numerous motions to dismiss essentially complaining that the plaintiff's complaint should be dismissed based on an asserted lack of personal jurisdiction over the individual and corporate defendants. The latest defendants' Motion to Dismiss remains pending before the district court judge.

On October 9, 2019, the defendants' counsel was served with written discovery served on him by the plaintiff.[1] Defendants' counsel has failed to make any effort to submit any response to that discovery. Instead, in response to every discovery request defendants' counsel mocks the litigation process by asserting every objection in the law books to every single request. His so-called "response and objections" are a farce. He didn't try to answer a single one. That's not a valid "response or objection" – It's an affront to this Court's legitimacy, and defendants'

---

[1] That discovery includes the following: Plaintiff's First Set of Interrogatories to Defendant Jake Noch; Plaintiff's First Set of Requests for Admission to Defendant Jake Noch; Plaintiff's First Set of Requests for Production to Defendant Jake Noch; Plaintiff's First Set of Interrogatories to Defendant Richard Gora; Plaintiff's First Set of Requests for Production to Defendant Richard Gora; Plaintiff's First Set of Interrogatories to Defendant Vincent Michael Roppo; Plaintiff's First Set of Requests for Production to Defendant Vincent Michael Roppo; and Plaintiff's First Set of Requests for Production to Pro Music Rights LLC. *See* Plaintiff's Notice of Service of Documents at ECF No. 19.

counsel shouldn't be allowed to get away with it.   Plaintiff has concurrently filed a motion to strike those imitation responses as being impertinent and immaterial.

The defendants' discovery responses are necessary to prove to the court that this court does indeed have personal jurisdiction over the defendants in this district.   Defendants' counsel has also failed to make any effort to submit both Rule 26(a)(1) Initial Disclosures and the Defendants' Proposed Report of Parties Rule 26(f) Planning Meeting.   It is fair to say that, thus far, the defendants' counsel has purposely and in bad faith obstructed the litigation process at every turn.

On November 13, 2019, plaintiff filed both his motion to compel defendants to respond to plaintiff's discovery and his motion to the court to abate a determination of the defendants' still pending motion to dismiss until after defendants make a valid response to plaintiff's discovery.   On November 20, 2019, in an unsigned memorandum authored and filed by an unnamed law clerk, plaintiffs' motions were rejected because the motions didn't designate a hearing date.   (See PACER Docs. 25 and 27).   On November 26, plaintiff mailed his Emergency Ex Parte Motion to Abate to the Court, and in accordance with the local rules emailed a copy to defendants' counsel.   Having received that email, on the following day (November 27, 2019) the defendants' counsel filed his Response in Opposition to Plaintiff's Emergency Ex Parte Motion to Abate.   Although the Plaintiff's Emergency Ex Parte Motion to Abate was received by the Court on Saturday, November 30, 2019, that motion had still not been filed or entered of record as of Monday, December 9, 2019, more than a week later.   However, the magistrate judge was not to be deterred by an incomplete record.   On December 2, 2019, the magistrate judge prematurely entered his Order when he had not even read the Plaintiff's Emergency Ex Parte Motion to Abate, this even though it had already been received, but not

filed, in the district court. In substance, that Order did nothing more than parrot and rubber-stamp the false and misleading allegations of defendants' response to a motion that, at the time, had not yet been filed.

## ARGUMENT

### I. THE COURT SHOULD CERTIFY ITS ORDER FOR APPEAL UNDER § 1292(b).

An Order is appropriate for interlocutory appeal under 28 U.S.C. § 1292(b) if: The Order "involves a controlling question of law"; There is "substantial ground for difference of opinion" as to that question; and "[A]n immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" See 28 U.S.C. § 1292(b).[2] The magistrate judge's Order easily satisfies all three criteria.

#### A. THE INTERLOCUTORY APPEAL OF THE MAGISTRATE JUDGES ORDER INVOLVES A CONTROLLING QUESTION OF LAW.

The magistrate judge made a mistake. He didn't realize that the parties had already had a conference pursuant to FRCP 26(f) triggering a statutory right to proceed with discovery. That mistake was compounded when the magistrate judge didn't check the court's file before he signed and entered his order on December 2, 2019, and as a result, he entered an order effectively denying the Plaintiff's Emergency Ex Parte Motion to Abate when he hadn't even

---

[2] Section 1292(b) provides: When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

5

read it because, although received, it still had not been filed. This error doesn't have anything to do with facts. Instead it exclusively involved a question of law. This is a task that involves the application of a federal rule to undisputed facts evident from the court's record, and that is a task that does not depend on the development of any facts in this case.

In addition, the legal question involved is controlling. A question is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). Unquestionably, the resolution of this issue materially enhances the progress of the litigation and likely materially effects the outcome of that litigation. Thus far, the defendants' counsel has purposely done everything in his power to obstruct the progress of this case, including avoiding responding to discovery – and he does this for good reason. If the Court is enabled to see his responses to plaintiff's discovery, the admissions and documents furnished by the defendants will establish that the defendant Jake Noch and his multiple LLC's never had any legal standing to bring a lawsuit against the plaintiff or the plaintiff's corporation in the first place.[3] If the Ninth Circuit decides that plaintiff was entitled to serve written discovery on the defendants, the defendants will be left without any viable defense.

**B.    SUBSTANTIAL GROUNDS EXIST FOR A DIFFERENCE OF OPINION CONCERNING THE MAGISTRATE COURT'S DECEMBER 2ND ORDER.**

How could there not be? One would think that, in retrospect, even the magistrate judge himself will now realize that he dropped the ball this time. There's a difference of opinion all right! Any rational observer can see that the magistrate judge's Order in this matter was

---

[3] An examination of the substantive allegations of plaintiff's complaint reveals that the filing by the defendant Noch of a markedly frivolous lawsuit against the plaintiff Hanson in the state court in Wyoming was what provoked the plaintiff to file the present lawsuit against Noch individually along with his fanciful, fictitious and illusory corporate "empire".

premature under these circumstances. Defendants' counsel's "disagreement" would completely rely on the mistaken but false notion that there had never been a 26(f) conference in the first place. That's what the magistrate judge's December 2nd Order relied on. In this respect, the magistrate judge's Order states, "Plaintiff's motion [to compel discovery] is denied for the simple reason that Plaintiff is not authorized to seek such discovery at this stage of the litigation. At a future date, Court will provide a deadline by which the Rule 26(f) conference must be completed if one is necessary at all." Defendants' counsel refuses to recognize or acknowledge that the judge's factual understanding of the status of the litigation was demonstrably mistaken.

Defendants' counsel knows better, but to further his own deceit, he has misinformed the Court rather than point out the magistrate court judge's inadvertent misunderstanding of whether a 26(f) conference had already been held. The question under § 1292(b) is whether plaintiff's argument provides "substantial grounds" for a different result. Plaintiff respectfully submits the answer to that question is yes, and that had magistrate judge been fully informed that a 26(f) conference had already been held, he would not have denied the plaintiff's motion to compel without having reviewed the entire record that was then available. This is an appropriate matter for interlocutory review.

### C. AN INTERLOCUTORY APPEAL MAY MATERIALLY SPEED THE TERMINATION OF THIS LITIGATION

The Ninth Circuit's resolution of the question at issue has the potential not only to "materially advance" but to require the "termination of the litigation" by way of summary judgment in favor of the plaintiff, not the defendant. 28 U.S.C. § 1292(b). The requested discovery responses will conclusively establish not only the defendants' culpability and exposure to liability for judgment, but will also establish that the defendants knowingly and specifically

targeted the plaintiff in the Southern District of California, thus effectively gutting his present frivolous claim that there is no jurisdiction over his person in this district. That is the focus of plaintiff's discovery requests to the defendants that essentially debunks the defendants pending motion to dismiss. That is why the defendants' counsel steadfastly refuses to answer the both the plaintiff's complaint and the plaintiff's duly propounded discovery submitted in support of that complaint.

## II. THE COURT SHOULD STAY THE CASE PENDING THE § 1292(b) APPEAL

If the Court certifies the Order for a § 1292(b) appeal, the case should be stayed in this Court until the Ninth Circuit resolves that appeal. A stay will not change the status quo in this litigation. Through no fault of the plaintiff, the Court has not yet issued a case management order, and the parties are only just now at the initial stages of discovery.

If the Ninth Circuit confirms the subject magistrate judge's Order and precludes discovery until after the parties have held a second Rule 26(f) conference, it would be willfully making a premature judicial determination without knowledge of the facts. If this case is indeed prematurely dismissed, the subsequent costs associated with marching ahead with this litigation through the regular appeal process will be significant. On the other hand, if this case is temporarily stayed by the district court judge pending the resolution of this interlocutory appeal and the receipt of defendants' long overdue responses to the plaintiff's discovery requests, then this Court will have saved the parties and the Court from the time and expense of needless litigation expense. A stay will defer, and potentially moot, all of this unnecessary burden and expense.

In contrast, there is no prejudice to defendants from a stay. The imposition of an immediate temporary stay pending the resolution of this discovery issue before the Ninth Circuit will serve to cut through the distraction and obstruction perpetrated by defendants' counsel that has thus far characterized this case. Defendants are not out-of-pocket any money in connection with this suit, so a stay will not cost them anything. A stay pending the results of an immediate interlocutory appeal will expedite, rather than interfere with the progress of the litigation.

### III.   CONCLUSION

For the foregoing reasons, plaintiff Theo Hanson respectfully submits that the magistrate judge's December 2nd Order presents a clear case for immediate interlocutory review, and that all considerations of case management and equity weigh in favor of a stay. Plaintiff has submitted a proposed order with this motion.

DATED: 12/10/2019

Theo Hanson, Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2019, I served the foregoing

PLAINTIFF'S MOTION [1] TO CERTIFY AUGUST 20, 2008 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND [2] TO STAY PENDING RESOLUTION OF § 1292(b) PROCEEDINGS

as indicated on the attached service list via email as indicated:

Matthew C. Wolf
Turner Friedman Morris & Cohan LLP
8383 Wilshire Boulevard Ste 510
Beverly Hills, CA 90211
mwolf@tfmclaw.com

Theo Hanson, Plaintiff

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEO HANSON,<br>   Plaintiff,<br>vs.<br><br>JAKE P. NOCH; et al,<br>and Does 1 – 10;<br>   Defendants. | CASE NO. 3:19-cv-01326-BAS-WVG<br><br>PROPOSED ORDER ON MOTION FOR INTERLOCUTORY APPEAL |

## ORDER ON MOTION FOR INTERLOCUTORY APPEAL

NOW ON THIS _____ DAY OF DECEMBER, 2019, came on for determination the Plaintiff's Motion to Certify the Magistrate Judge's December 2, 2019 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Further Proceedings in the district court pending resolution of the interlocutory appeal. The Court finds that the Plaintiff's Motion is well taken and should be GRANTED. Accordingly, the Court finds that the plaintiff is entitled to make an interlocutory appeal as requested and that further proceedings in the district court in this matter should be stayed pending resolution of the interlocutory appeal before the Ninth Circuit Court of Appeals.

It is so ordered.

                                                                                                    _____
                                                                                                    DISTRICT COURT JUDGE