# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEO HANSON,<br><br>          Plaintiff,<br><br>v.<br><br>JAKE P. NOCH, in his individual capacity; VITO MICHAEL ROPPO, in his individual capacity; RICHARD GORA, in his individual capacity; GORA, LLC, a Connecticut Limited Liability Company; PRO MUSIC RIGHTS, LLC, a Florida Limited Liability Company; PRO MUSIC RIGHTS DISTRIBUTION, LLC, a Florida Limited Liability Company; PRO MUSIC RIGHTS PUBLISHING GROUP, LLC, a Florida Limited Liability Company; BRAZY RECORDS LLC, a Florida Limited Liability Company; SOSA ENTERTAINMENT LLC, a Florida Limited Liability Company; and DOES 1 – 10,<br><br>          Defendants. | Case No. 19-cv-01326-BAS-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTION TO DISMISS [ECF No. 16];**<br><br>**(2) DENYING PLAINTIFF'S MOTIONS TO ABATE [ECF No. 28, 36];**<br><br>**(3) DENYING PLAINTIFF'S MOTION TO CERTIFY INTERLOCUTORY APPEAL [ECF No. 38];**<br><br>**(4) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF No. 40];**<br><br>**(5) DENYING PLAINTIFF'S MOTION TO STRIKE [ECF No. 42];**<br><br>**AND**<br><br>**(6) DENYING PLAINTIFF'S MOTION TO STAY [ECF No. 49]** |

Several motions are currently pending before the Court in this action, and Plaintiff has filed a writ of mandamus to the Ninth Circuit Court of Appeal concerning the Magistrate Judge's denial of Plaintiff's Motion to Compel discovery. For the reasons stated below, the Court **GRANTS** Defendants' Motion to Dismiss and **DENIES** Plaintiff's pending motions.

**I. BACKGROUND**

Plaintiff filed a Complaint on July 16, 2019. (ECF No. 1.) Defendants responded by filing a Motion to Dismiss for lack of jurisdiction and improper venue. (ECF No. 10.) Plaintiff then filed a First Amended Complaint ("FAC") on September 18, 2019. (ECF No. 13.) Defendants now bring a Motion to Dismiss this FAC for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(2), improper venue under Federal Rule of Civil Procedure 12(b)(3), and for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 16.) Plaintiff opposed the Motion and Defendants filed a reply. (ECF Nos. 18, 22.) Plaintiff then filed a Supplemental Response. (ECF No. 30).

In the meantime, Plaintiff has filed two Motions to Abate, requesting that the Court delay ruling on the Motion to Dismiss until discovery can be conducted (ECF Nos. 28, 36), a Motion for Reconsideration of the Magistrate Judge's order denying discovery until after the Motion to Dismiss is resolved (ECF No. 40), and a Motion to Strike Defendants' responses to his discovery requests (ECF No. 42). Finally, Plaintiff has filed a Motion to Stay the case while he seeks a writ of mandamus (ECF No. 49) and a Motion to Certify the August 20, 2008 (sic) order for interlocutory appeal. (ECF No. 38).

Because the Court finds Plaintiff has failed to demonstrate personal jurisdiction over any of the Defendants in this case, the Court **GRANTS** the Motion to Dismiss, but gives Plaintiff leave to amend. Additionally, the Court **DENIES** all motions with respect to discovery.

## II. LEGAL STANDARD

When the parties dispute whether personal jurisdiction over a foreign defendant is proper, "the plaintiff bears the burden of establishing that jurisdiction exists." *Rios Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). In ruling on the motion, the "court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001), abrogated on other grounds by *Daimler AG v. Bauman*, 571 U.S. 117 (2017). Limited discovery on the issue of jurisdiction may be appropriate "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

When the motion is based solely on written materials, the plaintiff need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). A prima facie showing means that "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Unocal*, 248 F.3d at 922. "In determining whether the plaintiff has met this burden, the Court must take the allegations in the plaintiff's complaint as true and resolve the disputed jurisdictional facts in the plaintiff's favor." *Nissan Motor Co., Ltd. V. Nissan Computer Corp.*, 89 F. Supp. 2d 1154, 1158 (C.D. Cal. 2000), citing *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995)).

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co.*, 453 F.3d at 1154. Both the California and federal long-arm statutes require compliance with due process requirements. *Daimler AG*, 571 U.S. at 125; *see also* Fed. R. Civ. P. 4(k)(2); *Holland Am Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007); *Pebble Beach*, 453 F.3d at 1155.

There are two types of personal jurisdiction: general and specific. *Daimler AG*, 571 U.S. at 126. General jurisdiction "enables a court to hear cases unrelated to the defendant's

forum activities[.]" *Fields v. Sedgewick Assoc. Risks, Ltd.*, 796 F.2d 299, 310 (9th Cir. 1986). Specific jurisdiction allows the court to exercise jurisdiction over a defendant whose forum-related activities gave rise to the action before the court. *Daimler AG*, 571 U.S. at 127.

### A. General Jurisdiction

A court may assert general jurisdiction over defendants when their "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations S.A. v. Brown*, 564 U.S. 915, 919 (2011), citing *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945). "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG*, 571 U.S. at 136 (quoting *Goodyear*, 564 U.S. at 922–923). "These bases afford plaintiff recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." *Id.*

In assessing the substantiality of a defendant's contacts with a state, courts examine the "[l]ongevity, continuity, volume, [and] economic impact" of those contacts, as well as the defendant's "physical presence . . . and integration into the state's regulatory and economic markets." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1224 (9th Cir. 2011). A corporation's "continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *International Shoe*, 326 U.S. at 318. "Although the placement of a product into the stream of commerce 'may bolster an affiliation germane to *specific* jurisdiction,' [the Supreme Court] has explained, such contacts 'do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant.'" *Daimler AG,* 571 U.S. at 131, citing *Goodyear*, 564 U.S. at 930.

### B. Specific Jurisdiction

The Ninth Circuit employs a three-part test to determine whether the defendant's contacts with the forum state are sufficient to subject it to specific jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Under the three-part inquiry, specific

jurisdiction exists only if: (1) the out-of-state defendant purposefully availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (2) the cause of action arose out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Myers v. Bennett Law Offices,* 238 F.3d 1068, 1072 (9th Cir. 2001).

The plaintiff bears the burden of satisfying the first two prongs of this specific jurisdiction test. *Schwarzenegger v. Fred Martin Motor Co*, 374 F.3d 797, 802 (9th Cir. 2004). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach,* 453 F.3d at 1155.

Furthermore, "[s]pecific personal jurisdiction requires a showing of forum-related activities of the defendant that are related to the claim asserted." *Carpenter v. Sikorsky Aircraft Corp.*, 101 F. Supp. 3d 911, 921 (C.D. Cal. 2015) (citing *Rano v. Sipa Press*, *Inc.,* 987 F.2d 580, 588 (9th Cir. 1993)). It is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear,* 564 U.S. at 919 (internal quotation marks omitted).

Additionally, the "minimum contacts" analysis cannot be based solely on the fact that a defendant harmed a plaintiff who lives in the forum state. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014) (the "minimum contacts analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there"); *Axiom Foods, Inc. v. Acerchem International, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) (simply alleging that a defendant engaged in wrongful conduct targeted at a plaintiff whom the defendant knew to be a resident of the forum state is insufficient.) While the fact that a defendant may have targeted an individual who resided in the forum state "may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction." *Axiom Foods,* 874 F.3d at 1070.

## III. ANALYSIS

Plaintiff's argument in this case is hampered by the fact that the gravamen of his complaint is not completely clear from the text of the FAC. As best the Court can ascertain, Plaintiff is claiming that defendants "induced innocent investors to purchase shares in a corporation" that was a Nevada corporation, re-domiciled and registered in Wyoming. (FAC ¶¶ 15, 26 n.1.) Furthermore, Plaintiff alleges that Defendant Noch, a resident of Florida, made misstatements about the management of this Nevada/Wyoming corporation and that defendants engaged in security regulation violations with respect to this Nevada/Wyoming corporation. (*Id.* ¶¶ 38–44.) Plaintiff does not allege or claim that any of the inducement or misstatements were made in California.

Plaintiff has alleged no facts demonstrating general jurisdiction exists in this case. None of the individual defendants is a California resident. Mr. Noch and Mr. Roppo are Florida residents, and Mr. Gora is a New York resident. (FAC ¶¶ 4–6.) Furthermore, Gora LLC is a Connecticut LLC, while the remaining business entity defendants are Florida LLCs. (FAC ¶¶ 7–12.) There are also no allegations in the FAC that would support "continuous and systematic" contacts with the State of California, and, indeed, declarations filed by the Defendants support the conclusion that there is no general jurisdiction over these defendants. (*See* Decl. of Jake P. Noch, ECF No. 10-3; Decl. of Vito Michael Roppo, ECF No. 10-4.)

As to specific jurisdiction, Plaintiff simply fails to allege how the Defendants have conducted activities in California, let alone how they purposefully availed themselves of the privileges of conducting activities in this forum. Further, the actions complained of appear to be statements made in Florida about a Nevada/Wyoming corporation. Plaintiff has failed to meet his burden to show that the causes of action arose out of Defendants' forum-related activities and what those forum-related activities were. Thus, Plaintiff has also failed to carry his burden of establishing specific jurisdiction. Thus, the Court grants Defendants' Motion to Dismiss the FAC.

Furthermore, without further explanation, Plaintiff requests discovery on the issue of jurisdiction. (*See* Plf.'s Mot. to Abate Determination of Defs.' Pending Mot. to Dismiss, ECF No. 28; Notice of Plf.'s Emergency Ex Parte Mot. and Mot. to Abate the Determination of Defs.' Pending Mot. to Dismiss, ECF No. 36; Plf.'s Mot. for Reconsideration of Magistrate Judge's Order of December 2, 2019, ECF No. 40; Plf.'s Mot. to Strike Defs.' Resp. to Discovery, ECF No. 42.) However, Plaintiff fails to outline what discovery he seeks or how such discovery would bolster his claim of personal jurisdiction. Hence, his requests are denied.

Finally, Plaintiff seeks to certify an order ostensibly issued on August 20, 2008 for interlocutory appeal and requests that the matter be stayed while he seeks a writ of mandamus. (ECF No. 38, 49). No order was issued in this case on August 20th or in 2008. However, assuming Plaintiff seeks to certify for interlocutory appeal the Magistrate Judge's December 17, 2019 order staying discovery pending resolution of the Motion to Dismiss (ECF No. 43), and requests a stay while he appeals that order, those Motions are also denied.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 16) because this Court lacks personal jurisdiction over Defendants. Because it is possible Plaintiff could allege facts supporting specific jurisdiction in this case, the Court grants Plaintiff leave to amend the FAC. If Plaintiff wishes to file an amended complaint, he must do so by **February 5, 2020**.

The Court further **DENIES** the following motions:

(1) Plaintiff's Motions to Abate the Motion to Dismiss while discovery is conducted (ECF Nos. 28, 36);

(2) Plaintiff's Motion to Certify Interlocutory Appeal of the Magistrate Judge's Order (ECF No. 38);

(3) Plaintiff's Motion for Reconsideration of the Magistrate Judge's Order (ECF No. 40);

- 7 -

19cv1326

(4) Plaintiff's Motion to Strike Defendants' Discovery Answers (ECF No. 42)

(5) Plaintiff's Emergency Ex Parte Motion and Motion to Stay Proceedings Pending the Resolution of Plaintiff's Writ of Mandamus (ECF No. 49);

**IT IS SO ORDERED.**

DATED: January 22, 2020

Hon. Cynthia Bashant
United States District Judge